# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X   Filed:
GOTHIC PRESS, INC.

                          Plaintiff,

-against-

SENTINEL INSURANCE COMPANY LIMITED,

                          Defendant.
-------------------------------------------------------------------X

INDEX NO._____
Plaintiff designates New York County as the place of trial

**SUMMONS**

**To the above named Defendant:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complaint is complete if this summons is not personally delivered to you within the State of New York.

      In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

      The basis of the venue designated is the Plaintiff's place of residence which is 1317 Avenue Z, Brooklyn, County of New York, New York 11235.

Dated: October 28, 2014
New York, New York

MERLIN LAW GROUP, P.A.
By: _____
Javier Delgado, Esquire
New York Bar No: 5127998
jdelgado@merlinlawgroup.com
Janelle C.L. Matthews, Esquire
New York Bar No: 4655239
jmatthews@merlinlawgroup.com
100 Park Avenue, 16th Floor
New York, NY 10017
Ph: (212) 351-5017
Fax: (212) 984-0698

To:
Sentinel Insurance Company Limited
One Hartford Plaza
Hartford, Connecticut 06155

SUPREME COURT OF THE STATE OF KINGS
COUNTY OF NEW YORK
-----------------------------------------------------------------X
GOTHIC PRESS, INC.

    Plaintiff,                                                                      INDEX NO.:

    -against-

SENTINEL INSURANCE COMPANY LIMITED

    Defendant.
-----------------------------------------------------------------X

## CIVIL ACTION COMPLAINT

Plaintiff, GOTHIC PRESS, INC. (hereinafter "Plaintiff"), by and through its attorneys, files this Civil Action Complaint against Defendant, SENTINEL INSURANCE COMPANY LIMITED (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

1.     This is an action by the Plaintiff against their insurance carrier, SENTINEL INSURANCE COMPANY LIMITED for benefits owed under its policy, which have not been fully paid, as a result of Superstorm Sandy.

2.     Plaintiff purchased a Commercial Property insurance policy from Defendant, and consequently issued a Policy No.: 83 SBA PU0672 DV to the Plaintiff (the "Policy") for a property owned by the Plaintiff located at 1317 Avenue Z, Brooklyn, NY 11235 (the "Property").

3.     On or about October 29, 2012, Superstorm Sandy struck New York and the surrounding areas causing widespread damage.

4.     The high wind speeds of Superstorm Sandy resulted in substantial damage to Plaintiff's Property.

5. Following Superstorm Sandy, Plaintiff properly and promptly submitted an insurance claim to Defendant for losses and damages to the Property caused by wind.

6. Plaintiff asked that Defendant cover the loss to the Property as a result of wind pursuant to the policy.

7. Defendant failed to fully pay the damages due and owing under the insurance policy.

## PARTIES

8. Plaintiff, GOTHIC PRESS, INC (hereinafter "Plaintiff"), at all times material hereto, were and still are a commercial business and owner under the laws of the state of New York with their principal place of business located at 1317 Avenue Z, Brooklyn, NY 11235 (the "Property").

9. At all times material hereto, Defendant is a Corporation and insurance company authorized to do business in the State of New York.

10. The state of incorporation of Defendant, SENTINEL INSURANCE COMPANY LIMITED is Connecticut.

11. The principal place of business and statutory home office of SENTINEL INSURANCE COMPANY LIMITED is One Hartford Plaza, Hartford, Connecticut 06155.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff, at all relevant times, has been the owner of the property located at 1317 Avenue Z, Brooklyn, NY 11235.

13. Defendant at all times material hereto, was and still is a Corporation created under the laws of the State of Connecticut and authorized to do business in the State of New York.

14. Defendant issued a Commercial Property policy of insurance to Plaintiff, by Defendant under Policy # 83 SBA PU0672. This policy insured the property owned by Plaintiff and located at 1317 Avenue Z, Brooklyn, NY 11235 against direct physical loss of or damage to the Covered Property resulting from any Covered Cause of Loss. Wind damage is Covered Causes of Loss under the policy.

15. Said policy was sold by Defendant to the Plaintiff, all premiums on the Policy were paid; and the Policy was in full force and effect at all relevant times herein.

16. On or about October 29, 2012, Superstorm Sandy struck New York and the surrounding areas causing widespread damage.

17. The high wind speeds of Superstorm Sandy resulted in substantial damage to Plaintiff's property, and significant financial losses and loss of business income.

18. As a result of Superstorm Sandy, power to the covered location and surrounding area was interrupted.

19. Following Superstorm Sandy, Plaintiff properly and promptly submitted an insurance claim to Defendant for losses and damages to the property caused by wind.

20. Plaintiff asked that Defendant cover the loss to the Property as a result of damage from Superstorm Sandy pursuant to the policy.

21. Defendant assigned claim number CP10993015.

22. Defendant assigned an adjuster to inspect the Plaintiff's Property.

23. The payment based on Defendant's estimate was not sufficient to cover the damages to Plaintiff's property as a result of the covered loss.

24. Defendant has not issued any payments.

25. The payment based on Defendant's estimate was not sufficient to cover the damages to Plaintiff's property and the resulting business loss as a result of the covered loss.

26. Plaintiff has damages in excess of $25,000.00.

27. Plaintiff has complied with all policy provisions and has cooperated fully with the investigation of this claim.

28. Defendant, by and through its agents and adjusters has breached the terms of the Policy by failing to pay all amounts due to the Plaintiff pursuant to the terms of the Policy, in that Defendant did not adequately investigate the entire scope of damages and did not properly determine the correct value of the damages.

29. Plaintiff provided Defendant with all information necessary to properly evaluate the claim and pay adequate benefits to the insured.

30. Defendant disregarded the information provided by the Plaintiff and continued to rely on the incorrect and flawed opinions of its adjusters and engineers as a basis to deny the claim.

31. Because Defendant and/or its agents underpaid Plaintiff on Plaintiff's insurance claim, Plaintiff has not been able to properly and completely repair the damages to its Property. This has caused additional, further damage to Plaintiff.

32. Defendant and/or its agents, failed to properly adjust the claims and Defendant denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

33. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

34. To date, Plaintiff has been underpaid for the covered damage sustained to its Property.

35. Despite Plaintiff's compliance with all policy provisions, Defendant refuses to fairly adjust the claims for damage.

36. All Conditions Precedent to recovery have been performed, waived or have occurred.

37. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

38. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

39. Defendant failed to make an attempt to settle Plaintiff' claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

40. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

41. Defendant refused to fully compensate Plaintiff, without first causing Plaintiff to institute legal action and/or the threat of legal action against it.

42. Defendant failed to meet its obligations under the New York Insurance Code regarding initiating a reasonable investigation of Plaintiff's claim, paying all monies owed without forcing Plaintiff to commence legal proceedings and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.

43. Defendant failed to meet its obligations under the New York Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, Plaintiff has not yet received full payment for its claim.

44. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

45. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to these causes of action. Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

46. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

47. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of New York, constitutes a breach of Defendant's contract with Plaintiff.

48. As a result of this breach of contract, Plaintiff has suffered damages by failing to have the funds needed to repair the Property and further damages described herein.

49. Further as a result of Defendant's breaches of its obligations under the Commercial Policy by its deliberate, negligent and, unreasonable delay in paying Plaintiff's claim, failure to properly investigate the loss, refusal to properly compensate the Plaintiff for the fair value of the claim, misrepresentation of the scope of the damages and improper denial of the claim Plaintiff has suffered damages arising from its inability to repair the damages it incurred during Super Storm Sandy.

50. The losses incurred by Plaintiff was a direct and foreseeable consequence of Defendant's above described wrongful conduct in that such wrongful conduct by the insurer could cause additional business and monetary loss was reasonably foreseeable and contemplated by the parties at the time of contracting under the subject insurance policy.

51. Accordingly, Plaintiff is entitled to an award against Defendant of compensatory and direct damages in such amounts as established by evidence as well as pre and post judgment interest, costs and such further relief as may be just.

WHEREFORE, judgment is demanded in favor of Plaintiff, GOTHIC PRESS, INC against Defendant, SENTINEL INSURANCE COMPANY LIMITED for:

a. Compensatory damages in an amount to be proven at trial;

b. Judgment in favor of all consequential damage amounts as a result of Defendant's breach of the insurance Policy and failure to properly adjust the claim;

c. Interest; and

d. Such other relief as the Court deems just equitable.

WHEREFORE, Plaintiff, GOTHIC PRESS, INC, demands a trial by jury, and judgment against the Defendant, SENTINEL INSURANCE COMPANY LIMITED, in a sum that fully compensates the Plaintiff for its damages in excess of the lower Courts, together with the costs of disbursements of this action.

### DEMAND FOR JURY TRIAL

Plaintiff, GOTHIC PRESS, INC, demands a trial by jury on all issues so triable.

Dated: October 28, 2014

MERLIN LAW GROUP

By: _____
Javier Delgado, Esquire
New York Bar No. 5127998
jdelgado@merlinlawgroup.com
Janelle C. L. Matthews, Esquire
New York Bar No.: 4655239
jmatthews@merlinlawgroup.com
100 Park Avenue, 16th Floor
New York, NY 10017
Ph: (212) 351-5017
Fax: (212) 880-6499

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
GOTHIC PRESS, INC.

    Plaintiff,                                                     INDEX NO.:

    -against-

SENTINEL INSURANCE COMPANY LIMITED

    Defendant.
-----------------------------------------------------------------X

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK     )
                                )ss.:
COUNTY OF NEW YORK   )

JANELLE C.L. MATTHEWS, being duly sworn, deposes and says:

    That she is the attorney for the plaintiff, GOTHIC PRESS, INC. in the above- entitled action with offices located at 100 Park Avenue, City of New York, County of New York, State of New York; that she has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to her knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters her believes them to be true.

    That the reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of New York which is the county where the deponent has her office. Deponent further says that the grounds of her belief as to all matters in the COMPLAINT not stated to be upon her knowledge are based upon conversations with the plaintiff and a review of the file relevant to this action.

_____
JANELLE C.L. MATTHEWS, ESQ.
Attorney for Plaintiff

Sworn to before me this
28 day of October, 2014

_____
NOTARY PUBLIC

WALTER LEE LEWIS
Notary Public, State of New York
No. 01LE6143008
Qualified in Bronx County
Commission Expires March 27, 2018